IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GERI LYNN SHELTON                              PLAINTIFF

V.                          NO. 12-5099

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration           DEFENDANT

## MEMORANDUM OPINION

    Plaintiff, Geri Lynn Shelton, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her applications for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits. (Doc. 1). The Defendant filed an answer to Plaintiff's action on September 24, 2012, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (Doc. 9). Plaintiff filed an appeal brief on October 24, 2012. (Doc. 11).

    On March 7, 2013, the Commissioner, having changed positions, filed a motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. 15). The Defendant states that he seeks a remand because the ALJ did not address all of Plaintiff's impairments, including polycystic kidney disease. (Doc. 16).

    The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); Shalala v. Schaefer, 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, the Court finds remand for the purpose of the ALJ to further evaluate the evidence as addressed above appropriate.

Based on the foregoing, the Court finds remand appropriate and grants the Commissioner's motion to remand this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 8th day of March, 2013.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE